
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINO OCHOA INIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. CV 09-1902-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR IMMEDIATE PAYMENT OF BENEFITS |

## PROCEEDINGS

On March 23, 2009, Delfino Ochoa Iniguez ("Plaintiff" or "Claimant" or "Iniguez") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for both Social Security disability insurance benefits and Supplemental Social Security income. The Commissioner filed an Answer on July 15, 2009. On November 10, 2009, the parties filed a Joint Stipulation ("JS").

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. The matter is now ready for decision. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for an immediate award of benefits.

**BACKGROUND**

Plaintiff is a 60 year old male who has the severe impairments of degenerative disk disease of the lumbar spine and facet arthropathy, cervical disk disease of the cervical spine, hypertension, plantar fasciitic with spurs, carpal tunnel syndrome, and obesity. (AR 31-32, 34.) Plaintiff has not engaged in substantial gainful activity since October 15, 2002, the alleged onset date. (AR 31.)

Plaintiff's claims were denied initially on October 21, 2005, and on reconsideration on April 10, 2006. (AR 29.) Claimant filed a timely request for hearing, which was held before Administrative Law Judge Joel B. Martinez on August 17, 2007, in Pasadena, California. (AR 29-38.) Claimant appeared and was represented by counsel. (AR 29.) Vocational expert Elizabeth G. Ramos-Brown also appeared and testified.

The ALJ issued an unfavorable decision on September 24, 2007. The ALJ determined that, because of his severe impairments, Plaintiff could not perform his past relevant work as a welder. (AR 36.) He also determined that Plaintiff was "not able to communicate in English." (AR 36.) Nonetheless, the ALJ found that Plaintiff had the residual functional capacity[1] ("RFC") to perform a limited range of medium work (AR 32) and thus was not disabled within the meaning of the Social Security Act. (AR 38.) In making this determination, the ALJ found that Plaintiff was "not entirely credible." (AR 34.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal are as follows:

1. Whether the ALJ rejected Mr. Iniguez's pain testimony for legally sufficient reasons.

2. Whether the ALJ provided legally sufficient reasons for rejecting the opinion of the treating physician.

---

[1] Residual functional capacity is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 404.1545(a)(1)

3. Whether the vocational testimony can be relied upon to support a denial of benefits.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine "whether the claimant is presently engaging in substantially gainful activity." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ, however, must consider the combined effect of all the claimant's impairments on his or her ability to function, regardless of whether each alone is sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that, at all times, the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

4

In this case, the ALJ determined at step four of the sequential evaluation that Plaintiff could not perform his past relevant work. (AR 36.) The ALJ then determined at step five of the sequential evaluation that there was other work in the national economy that the Plaintiff could perform. (AR 37.)

## DISCUSSION

The Commissioner concedes that this case must be reversed because the hypothetical question posed to the vocational expert did not include any restrictions on Plaintiff's ability to speak, read or write in English. (JS 20-21.) Hypothetical questions must set out all the limitations and restrictions of a claimant. Magellanes v. Brown, 881 F.2d 747, 756 (9th Cir. 1989); DeLorme, 924 F.2d at 850.

The only remaining issue is whether the case should be remanded for further proceedings or for an immediate award of benefits. The ALJ improperly discounted Plaintiff's subjective pain testimony, which must be credited. Additionally, the vocational expert testified that there would be no medium exertional unskilled jobs Plaintiff could do with the limitations imposed by his pain. The Commissioner failed to meet his step five burden to demonstrate that there are jobs in the national economy that Plaintiff could perform. Thus, Claimant is disabled and entitled to benefits. Lounsburry, 468 F.3d at 1114.

There is no need for further proceedings. The case will be remanded for an immediate award of benefits.

### A. The Medical Evidence and Plaintiff's Subjective Pain Symptoms

Plaintiff has suffered from a back condition since 1990 for which he received two worker's compensation settlements. (AR 32-33, 35.) He alleges that he has been unable to work since October 15, 2002. (AR 35.) His Disability Report claimed back pain and headaches. (AR 94, 106.) His Pain Questionnaire alleged constant pain (AR 113) and inability to stand or sit more than one and a half hours at a time. (AR 115.) He was not receiving any pain therapy for financial reasons. (AR 114.) He has received the following medications for his pain: ibuprofen for back and wrist pain, apurinol for elbow and wrist pain,

advil for arthritis, benazepril and diltiazen for high blood pressure, and cizole for stomach gastritis. (AR 164.)

Claimant was seen in July 2001 by orthopedic surgeon Dr. Humberto Galleno in regard to his worker's compensation claim. (AR 174-180.) He reported persistent neck and back pain, pain in both heels, and persistent numbness in both hands. (AR 174.) Dr. Galleno indicated that Plaintiff did not fully recover from early work injuries and continues to experience back pain. (AR 180.) Dr. Galleno indicated that the spine, heel, wrist, and hand ailments precluded heavy lifting, repetitive bending and stooping, repetitive climbing and squatting, and repetitive strong grasping or gripping with either hand. (AR 179.)

Claimant also saw chiropractor Dr. Isabel Amorim for low back pain in 2002 and 2003. (AR 182-196.) She noted limited lumbar motion and that Plaintiff's pain was worse with repetitive bending and heaving lifting. (AR 182.) Ms. Amorim provided a medical source statement in 2007 that Plaintiff should be limited to a half hour of sitting, standing or walking at a time and a daily work capacity of two hours. (AR 233.)

Plaintiff also visited El Monte Health Center of the Los Angeles County and USC Healthcare Network for hypertension, obesity, gastroesophaeal reflux disease, low back pain, osteoarthritis, and elbow pain. (AR 33, 241-252.)

Plaintiff was seen by consulting orthopedist Dr. Kambiz Hannani for low back pain. Dr. Hannani found tenderness to palpation in the lumbosacral junction. (AR 221.) Although he found normal range of motion (AR 222), Dr. Hannani found x-ray evidence of degenerative disk disease with facet arthropathy. (AR 223.) Stating that the patient is "limited," Dr. Hannani nonetheless opined that Plaintiff should be limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently, and standing or walking six hours of an eight hour day. (AR 223.) Non-treating State agency physician Dr. Ginsburg made similar findings. (AR 224-231.)

At the August 17, 2007, hearing, Plaintiff testified that he had but a sixth grade education in Mexico. (AR 167, 256.) His height is five feet eight inches and his weight is over 260 pounds. (AR 265.) He has had injections in his heel for pain. (AR 264.) He testified that he can't be seated for very long and if he is standing his back goes numb. (AR 266.) He cannot sit for more than a half hour or hour at most. (AR 268.) He does not have much strength in his hands. (AR 266.) His elbows get swollen. (AR 266.) He takes blood pressure medication. (AR 266.)

### B. The ALJ Erred In Rejecting Plaintiff's Subjective Pain Testimony

The ALJ found that Plaintiff's numerous medically determinable severe impairments could reasonably be expected to produce his alleged pain symptoms. Nonetheless, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (AR 34.) This finding was legal error.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.3d 341, 346 (9th Cir. 1991); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1281-82 esp. n. 2 (9th Cir. 1995); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 949, 958 (9th Cir. 2002); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Reddick, 157 F.3d 722;

7

1 Smolen, 80 F.3d at 1283-84. The ALJ must identify what testimony is not credible and what
2 evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.
3      In this case, there is no evidence to suggest malingering nor did the ALJ ever
4 mention malingering. Indeed, Plaintiff even tried to resume his work as a welder in 2004
5 and 2005 but was unable to do so because of back pain. (AR 31, 259.) Thus, the ALJ can
6 reject Claimant's testimony on the severity of his pain only with "specific, clear and
7 convincing reasons." Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1283-84. The ALJ
8 decision does not meet this high standard.
9      The ALJ advances several reasons for finding Claimant's statements "not entirely
10 credible." None of these reasons is clear and convincing.
11      First, the ALJ found that Plaintiff's credibility is reduced by "the lack of objective
12 medical evidence to substantiate disability." (AR 36.) The lack of objective medical
13 evidence, however, is not dispositive as a matter of law. Bunnell, 947 F.2d at 345 ("once
14 the claimant produces objective evidence of an underlying impairment, an adjudicator may
15 not reject a claimant's subjective complaints based solely on a lack of objective medical
16 evidence); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (subjective testimony
17 cannot be rejected on "sole" ground that objective medical evidence is lacking). There must
18 be other evidence to support rejection of Plaintiff's subjective symptoms.[2]

---

20    [2] Even though not determinative of the severity of pain, the medical evidence is
21 nonetheless a relevant factor in determining the severity of a claimant's pain. Rollins, 261 F.3d at 857; Smolen, 80 F.3d at 1285. In this case, however, the medical evidence is not all that compelling or definitive. The ALJ failed to acknowledge restrictions contained in Dr.
22 Galleno's report that contradict the ALJ's RFC. (AR 179.) These include restrictions on above shoulder work activities and restrictions concerning the spine, heels and hands. (AR
23 179.) Dr. Hannani's opinion on which the ALJ primarily relies for his RFC is conclusory,
24 unexplained and contradictory, and fails to address all of Plaintiff's impairments. The non-treating State agency physician's statement is conclusory and fails to address all of
25 Plaintiff's impairments. The ALJ discounts the chiropractor's functional evaluation because Ms. Amorim is not a physician but fails to consider her opinion as non-medical evidence
26 even though it supports Plaintiff's subjective symptom testimony. The ALJ makes no
27 reference to Plaintiff's elbow pain.

28                                                                                                           (continued...)

Second, the ALJ cited Plaintiff's gaps in treatment for back pain to discount his credibility. A minimal level of treatment has been found to suggest a lower level of pain and functional limitation than what was alleged by the claimant. Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995). An ALJ, however, may not draw inferences about an individual's symptoms from a failure to pursue medical treatment without first considering any explanations that a claimant may provide. SSR 96-7p at *7; 1996 WL 374186 at *7. In this case, no effort was made to obtain an explanation. The ALJ ignored Plaintiff's written statement that financial reasons limited his ability to obtain therapy. (AR 114.) Plaintiff cannot be faulted if he cannot afford medical treatments. Kent v. Astrue, 335 Fed. Appx. 673, 675 (9th Cir. 2009) (unpublished[3]) (ALJ cannot reject symptom testimony for not seeking treatment where claimant cannot afford it); Regenniter v. Commissioner, 166 F.3d 1294, 1296-97 (9th Cir. 1999) (ALJ cannot reject symptom testimony for not seeking treatment where claimant cannot afford medical treatment or medications); Riley v. Astrue, 2010 WL 1333858 at *3 (C.D. Cal. 2010) (unpublished) (failure to seek medical treatment is acceptable reason to discount pain testimony only if it is unexplained or inadequately explained). Plaintiff is uneducated, does not speak English, and is of limited financial means. His statement that he could not continue therapy for financial reasons is unrebutted and renders any gap in treatment an inappropriate basis for discounting his credibility.

---

[2](...continued)
Plaintiff has numerous impairments considered severe by the ALJ: degenerative disk disease, cervical disk disease, plantar fasciitis, carpal tunnel syndrome and obesity. (AR 31-32, 34.) Neither the medical source statements nor the ALJ's RFC ever consider the combination of impairments on Plaintiff's inability to work. An ALJ must consider a claimant's illnesses in combination and "not be fragmentized in evaluating the effects." Beecher v. Heckler, 756 F.2d 693, 694-95 (9th Cir. 1985). An ALJ must consider the combined effect of all of a claimant's impairments in his or her ability to function "without regard to whether each alone was sufficiently severe." Smolen, 80 F.3d at 1290.

[3] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

Third, the ALJ asserts that certification forms filled out by the Plaintiff's chiropractor were "most likely" for the Claimant to receive unemployment benefits. Jones v. Shalala, 887 F. Supp. 210, 212-13 (S.D. Iowa 1995) (ALJ may consider application for unemployment benefits in discounting credibility). The ALJ's assertion is mere speculation unsupported by any evidence. Indeed, one of the certification records submitted to the Employment Development Department has the caption, "Claim for Disability Benefits" (AR 194.) The supplemental certifications (AR 182, 184, 185, 186, 190, 191, 192, 193) reasonably can be construed to pertain to the same disability claim.

Fourth, the ALJ noted that Plaintiff testified at the hearing about loss of strength in his hands but Dr. Hannani's report does not indicate that Plaintiff mentioned this concern. This is a minor discrepancy of no consequence in view of the fact that the ALJ found Claimant to have the medically determinable severe impairment of carpal tunnel syndrome. Dr. Hannani's report is limited and does not discuss many of Plaintiff's ailments.

The record evidence indicates an aging, obese claimant suffering with numerous severe medical impairments that are the result of a lifetime of heavy labor. There is no evidence of malingering, deceit, or significant inconsistencies between statements and conduct. Plaintiff has been stoic in his pain, even attempting to return to his job as a welder on two occasions, only to be forced to quit because of back pain. The ALJ's reasons for discounting Plaintiff's pain symptoms are unsupported and inconsequential. Any gaps in treatment or minor inconsistencies are the result of Plaintiff's lack of education, inability to speak English, and limited financial resources.

The ALJ erred in discounting Plaintiff's subjective pain statements, which must be credited. As a result, the ALJ's RFC is undermined and the vocational expert's testimony of no value except in regard to her opinion that, if Plaintiff's pain testimony is credited, there are no medium level unskilled jobs that Plaintiff could perform.

**DISPOSITION**

The Commissioner concedes that reversal of the ALJ decision is necessary. The vocational expert did not consider Plaintiff's inability to communicate in English in determining whether there are any jobs in the national economy he could perform.

The only remaining question is whether the case should be remanded for further proceedings or an immediate award of benefits. The choice of whether to reverse and remand for further administrative proceedings or to reverse and remand for an immediate award of benefits is within the discretion of the Court. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).[4]

Where the record has been developed fully and further administrative proceedings would serve no useful purpose, the case should be remanded for an immediate award of benefits. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). More specifically, a court should credit the evidence improperly rejected by the ALJ and remand for award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's evidence; (2) there are no outstanding issues to be resolved; and (3) it is clear that the ALJ would be required to find Claimant disabled if Plaintiff's evidence were credited. Id.

This case is similar to Moisa, 367 F.3d at 887. Moisa turned entirely on the credibility of the claimant's subjective pain testimony which was improperly discounted. Taken as true, his pain testimony established his inability to work. The case required no further agency expertise and was remanded for immediate payment of benefits. Moisa held that

---

[4] See generally INS v. Ventura, 537 U.S. 12, 16 (2002), holding in an asylum proceeding that the proper course is generally remand to an agency for decision of a matter that statutes place primarily in agency hands, except in "rare circumstances." In Ventura, however, the Attorney General retained ultimate important discretion whereas in social security cases benefits are mandatory if a claimant is disabled. Moisa v. Barnhart, 367 F.3d at 882, 887 (9th Cir. 2004).

the Commissioner, having lost his appeal, should not have another opportunity to prove that Moisa was not credible. Id. at 857.

Here, too, the Court sees no purpose in remanding for further proceedings. Just as occurred in Moisa, the ALJ erred in rejecting Plaintiff's subjective pain symptom statements, which must be credited. The vocational expert testified that there would be no medium level unskilled jobs available for someone with limitations resulting from Plaintiff's pain. Thus, the ALJ did not meet the Commissioner's burden at step five of the sequential evaluation process to prove that Claimant is able to perform other work. As a result, the Claimant is disabled. Lounsburry, 468 F.3d at 1114.

There are no outstanding issues. Therefore, an award of immediate benefits is appropriate.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding for immediate payment of benefits.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 4, 2010  　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE